

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN KORANDA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05 C 1856 |
| ) | |
| ) | |
| CITY OF CHICAGO AND AS-YET ) | |
| UNKNOWN CHICAGO OFFICIALS ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff John Koranda ("Koranda"), filed a four-count complaint on March 31, 2005 against defendants City of Chicago and unknown Chicago officials (collectively "the City"), alleging federal civil rights claims for First Amendment retaliation and conspiracy pursuant to 42 U.S.C. § 1983 and state law claims for *respondeat superior* and indemnification. (Dkt. No. 1). The City filed on May 25, 2005 the pending motion to dismiss or, in the alternative, for a stay of these proceedings. (Dkt. No. 13). For the reasons set forth below, this court grants the City's May 25, 2005 motion to dismiss.

## BACKGROUND

In his complaint, John Koranda alleges that he attended a party on June 29, 2003 at 713 West Wrightwood, a three flat apartment building in Chicago's Lincoln Park neighborhood. (Dkt. No. 1 at ¶ 5). Koranda's brother, Robert Koranda, lived on the second floor of the apartment building and was one of the hosts of the party. (*Id.*) During the event, the apartment building's multi-story back porch collapsed killing or injuring several of the party-goers. (*Id.* at ¶

6). John Koranda survived the porch collapse but his brother Robert was killed. (*Id.*)

Robert Koranda's estate filed suit in the Circuit Court of Cook County against a number of defendants including the City of Chicago over Robert Koranda's death. *Koranda v. L.G. Prop. Co. et al.*, 03 L 9791; (Dkt. No. 14 at Ex. A). The estate's lawsuit alleged in part that the Chicago Department of Buildings was understaffed, its employees and agents were untrained and unqualified, and many obtained positions in the department through political patronage. (Dkt. No. 1 at ¶ 8). The complaint further alleged that the City's building department failed to properly inspect the porch at 713 West Wrightwood and also alleged that the failure was partially responsible for Robert Koranda's death. (*Id.*)

Robert Koranda's family, including plaintiff John Koranda, also publically criticized the City through public statements reported in the local and national media. These public statements alleged that the porch collapse would not have happened had the City enforced its own codes regarding the permitting, construction and inspection of porches. (*Id.* at ¶ 10).

In February 2005, the City filed a third-party complaint against John Koranda in Robert Koranda's state court case. *Ware v. L.G. Prop. Co. et al.*, 03 L 8084 (Consolidated); (Dkt. No. 14 at Ex. C). The City alleged that John Koranda was responsible for the porch collapse and resulting deaths and injuries. (*Id.* at ¶ 12). According to the City's third-party complaint, John Koranda jumped up and down on the porch before it collapsed. (Dkt. No. 14, Ex. C).

John Koranda's complaint pending before this court alleges that the City filed the third-party complaint in the state case in direct retaliation for the public statements Koranda made criticizing the City. (*Id.* at ¶ 11). According to Koranda's complaint, the City knows that the allegations it made against him in the state case are false, that the allegations are based on

fabricated evidence, and that the allegations were made for the purpose of retaliating against Koranda for his public comments against the City.

The City argues in its present motion that John Koranda's complaint should be dismissed under the *Younger* abstention doctrine, or in the alternative, the suit should be stayed under the *Colorado River* abstention doctrine. The City also argues for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules"), if the court reaches the merit of Koranda's claims, for what the City asserts is a failure by Koranda's complaint to state a claim upon which relief may be granted.

## ANALYSIS

### A. *Younger* Doctrine

The City argues for a dismissal pursuant to the *Younger* abstention doctrine. Koranda counters that *Younger* is inappropriate in this case because of the bad faith exception to *Younger*. The court agrees with the City that dismissal pursuant to *Younger* is appropriate in this case.

"In *Younger*, the Supreme Court held that absent extraordinary circumstances federal courts should abstain from enjoying ongoing state criminal proceedings." *Simpson v. Rowan*, 73 F.3d 134, 137 (7th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 53 (1971)). "The *Younger* abstention requires that a federal court abstain out of comity to a state court because both proceedings involve important state functions." *Daniels v. Sheahan*, No. 97 C 5430, 1997 WL 786649, at *3 (N.D. Ill. Dec. 15, 1997). It is presumed under *Younger* "that a plaintiff's federal constitutional claims can be fairly vindicated in the state court proceedings without federal intrusion." *Snell v. Pucinski*, No. 02 C 8172, 2003 WL 21321348, at *2 (N.D. Ill. June 6, 2003).

The *Younger* doctrine has been applied beyond its original factual situation to "non

3

criminal judicial proceedings when important state interests are involved." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). This includes civil suits seeking monetary relief. *Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120, at *2 (N.D. Ill. Sept. 1, 2004) (citation omitted).

The existence of factually related concurrent state and federal cases does not by itself require a federal court to abstain under the *Younger* doctrine. "The *Younger* principle is an exception to the rule that a federal court normally will not abstain from deciding a case within its jurisdiction." *American Fed'n of State, County and Mun. Employees v. Tristano*, 898 F.2d 1302, 1304 (7th Cir. 1990) (citing *New Orleans Pub. Serv. v. Counsel of New Orleans*, 491 U.S. 350, 368 (1989); *Moore v. Sims*, 442 U.S. 415, 423 n.8 (1977)). "Federal courts have a virtually unflagging obligation to exercise the jurisdiction given to them. ... [O]nly exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." *Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3d 290, 295 (7th Cir. 1994) (internal citations omitted).

"In deciding whether the *Younger* abstention applies, a court must determine, at the threshold, whether litigating claims that are present could interfere with an ongoing state proceeding." *Soriano v. Town of Cicero*, No. 04 C 2774, 2004 WL 2966967, at *1 (N.D. Ill. Nov. 22, 2004) (quoting *Robinson v. Lother*, No. 04 C 2382, 2004 WL 2032120, at *2 (N.D. Ill. Sept. 1, 2004)); *see e.g., Fox v. Office of the Sheriff of Will County*, No. 04 C 7309, 2005 WL 991901, at *2 (N.D. Ill. Apr. 13, 2005) (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1996)). If litigating the federal case could interfere with the ongoing state proceeding, "a federal court should abstain under *Younger* if the impacted state proceeding: (1) is judicial in nature and ongoing; (2) implicates important state interests; and (3) provides an adequate opportunity to

4

raise constitutional challenges." *Walker v. Village of Northbrook*, No. 04 C 3814, 2005 WL 692402, at *2 (N.D. Ill. Mar. 22, 2005) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

According to the twenty-count second amended complaint filed by Robert Koranda's estate in Circuit Court of Cook County on June 11, 2004[1], Robert Koranda's estate is suing the owner and management company of the apartment building, the company that constructed the porch, the City of Chicago and certain individual defendants for various tort claims arising from the porch collapse. (Dkt. No. 14 at Ex. A). *Koranda v. L.G. Properties Co.*, 03 L 9791. Robert Koranda's case and several other cases related to the June 29, 2003 porch collapse have been consolidated for pretrial purposes before the Honorable William D. Maddux, Presiding Judge of the Law Division of the Circuit Court of Cook County. (Dkt. No. 14 at Ex. B). The City's third-party complaint, alleging that John Koranda is liable for the porch collapse, was filed in state court on February 2, 2005. (*Id.* at Ex. C).

The City argues that the state court litigation over the porch collapse focuses on the issue of allocating tort liability. This court recognizes that the ultimate questions of the state court litigation are whether the named defendants are legally responsible for the porch collapse, and if so, whether that legal liability translates into monetary compensation for the damages suffered by the plaintiffs under a proper application of Illinois law. The City also argues that litigating John Koranda's civil rights case in this court will interfere with the state court's determination of the

---

[1] This court can take judicial notice of matters in the public record, *see Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000), and therefore shall consider the state court filings attached as exhibits to the defendant's memorandum of May 25, 2005 (Dkt. No. 14), along with filings before this court.

5

tort issues. Koranda's complaint in this court alleges that the City knows that he was not responsible for the porch collapse, and that the City brought its false allegations in retaliation for Koranda's public statements criticizing the City in violation of his First Amendment rights.

This court agrees with the City that the determination of the question of tort liability is properly before Presiding Judge Maddux. Presiding Judge Maddux is an outstanding jurist and is more than able to appropriately address the issues raised among the litigants in the state cases currently pending before him in the Circuit Court of Cook County. Decisions made by this court in the present case could possibly hinder Presiding Judge Maddux's ability to fully address the tort issues raised by the state court litigants through the doctrines of claim preclusion or *res judicata*. *Robinson v. Lother*, No. 04 C 2382, at *2 (N.D. Ill. Sept. 1, 2004) (quoting *Simpson*, 73 F.3d at 137-39 ("[A] federal damages suit, although not interfering with the state proceeding to the same degree as an injunction, could beat the state action to judgment and either undermine or preclude the State's consideration of some issue.") (citation omitted)). The existence of parallel proceedings leads a potentially inappropriate "race" among the parties to be the first to litigate an issue in their respective case so that a preclusive effect in other cases could be established. Consequently, this court believes that abstention in this case is appropriate to prevent any undermining of the state court's consideration of the tort liability issues that are properly before that court.

Koranda's First Amendment retaliation claim brought pursuant to 42 U.S.C. § 1983 in his complaint before this court is evaluated under a burden shifting approach. Koranda must first demonstrate that (1) his speech was constitutionally protected and (2) the City's alleged retaliatory actions were motivated by his constitutionally protected speech. *Rasche v. Village of*

*Beecher*, 336 F.3d 588, 596 (7th Cir. 2003). If Koranda was to establish that his constitutionally protected speech was a substantial or motivating factor in the City's actions, then the burden would shift to the City to rebut Koranda's allegations by demonstrating that the City would have taken the same action in the absence of Koranda's constitutionally protected speech. *Healy v. City of Chicago*, No. 00 C 6030, 2004 WL 1630578, at *4 (N.D. Ill. July 20, 2004) (citing *Kokkinis v. Ivkovich*, 185 F.3d 840, 843 (7th Cir. 1999)).

This court cannot consider Koranda's federal claims without also considering the related state law tort issues because the state tort law liability issues are central to Koranda's First Amendment retaliation claim. Koranda must demonstrate that the City's alleged retaliatory actions were motivated by his constitutionally protected speech. He is likely to argue that he was not responsible for the porch collapse and that the City's third-party complaint was filed in retaliation. The City, under the burden shifting approached employed for the evaluation of a First Amendment retaliation claim, is likely to counter that Koranda is liable for the porch collapse and therefore the City had a legitimate, non-retaliatory reason for filing the third-party complaint. To evaluate these potential arguments, this court would have to enter into a consideration of who is ultimately responsible for the porch collapse and that issue is one that is properly reserved for the Circuit Court of Cook County.[2]

The evaluation of the state tort law liability questions are issues that the state court should decide in the first instance. The fact that there is (1) an ongoing judicial proceeding on the state

---

[2] The present federal proceeding could also impact Presiding Judge Maddux's ability to efficiently oversee the discovery matters in the several dozen consolidated state court cases related to the 713 West Wrightwood porch collapse currently pending in the Circuit Court of Cook County.

7

tort law liability issue, (2) the allocation of tort law liability is a traditional state law function that implicates an important state interest, and (3) the ongoing state court proceeding provides an adequate opportunity for Koranda to raise constitutional changes all counsel for this court's abstention pursuant to the *Younger* doctrine. This court must abstain in order to allow the state court the opportunity to adjudicate the tort law liability issues. This court's failure to abstain would result in this court's usurpation of the adjudication of the state tort law liability issue. These matter are traditionally ones for the state court (since diversity of citizenship is not present in this case), and therefore this court must abstain so as to allow the state court the opportunity to decide those issues.

## B. Bad Faith Exception to the *Younger* Doctrine

Koranda does not dispute that this case meets the requirements for the application of the *Younger* abstention doctrine. He also does not dispute that the state tort law liability questions are at the center of his First Amendment claim and that this court's evaluation of his First Amendment claim could impact on the ongoing state court proceedings. Instead, he argues that abstention pursuant to the *Younger* doctrine is not appropriate due to the application of the bad faith exception to *Younger*.

A federal court should not refrain from abstaining under *Younger* when "extraordinary circumstances exist which would make abstention inappropriate." *Otrompke v. Chairman of the Comm. on Character and Fitness for the First Judicial District of Illinois*, No. 03 C 7198, 2004 WL 812993, at *3 (N.D. Ill. Apr. 14, 2004) (citations omitted). "[I]ntervention by a federal court is warranted [despite the fact that abstention under *Younger* is otherwise warranted,] if the state proceeding is motivated by a desire to harass or is conducted in bad faith." *Walker v. Village of*

8

*Northbrook*, No. 04 C 3814, 2005 WL 692402, at *2 (N.D. Ill. Mar. 22, 2005) (citations omitted). "The harm posed by [a] bad faith prosecution is both immediate and great, and defending against the state proceeding would not be an adequate remedy at law because it would not ensure protection of the plaintiff's federal constitutional rights." *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993) (quoting *Collins v. County of Kendall, Illinois*, 807 F.2d 95, 98 (7th Cir. 1986)).

"In order to establish [his] entitlement to the bad faith exception to the *Younger* doctrine, [Koranda] must establish specific facts to support [his] inference of bad faith ... mere allegations and conclusions" are not sufficient. *Crenshaw v. Supreme Court of Indiana*, 170 F.3d 725, 729 (7th Cir. 1999) (citing *Pincham v. Illinois Judicial Inquiry Bd.*, 872 F.2d 1341, 1349-50 (7th Cir. 1999)). The party seeking a court's application of an exception to *Younger*, in this case Koranda, bears the burden of demonstrating the existence of sufficient circumstances. *Otrompke*, No. 03 C 7198, 2004 WL 812993, at *2 (citing *Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002); *Ramsden v. AgriBank, FCB*, 214 F.3d 865, 871 (7th Cir. 2000)).

Koranda has failed to provide any specific facts to support his allegations that the City brought its third-party complaint against him in bad faith. He has also failed to demonstrate that he does not have an adequate remedy at law in defending against the third-party complaint in the state court proceeding.[3] Koranda has failed to meet his burden and therefore cannot avail himself of the bad faith exception to *Younger*.

---

[3] Despite the fact that First Amendment retaliation claims are federal claims subject to removal, there are reported Illinois state court cases in which a party litigated a First Amendment retaliation claim before the Illinois state courts. *See Fellhauer v. City of Geneva*, 568 N.E.2d 870, 874 (Ill. 1991); *Daniel v. Village of Hoffman Estates*, 520 N.E.2d 754 (Ill. App. Ct. 1987).

9

## C. The Appropriate Remedy under *Younger*

The final consideration is whether the appropriate resolution in this case is to dismiss Koranda's case or stay the proceedings now that this court has concluded that it must abstain under *Younger*. "A stay is appropriate when a plaintiff is foreclosed from bringing his damages claims in the state proceeding." *Green v. Benden*, 281 F.3d 661, 667 (7th Cir. 2002). "The crucial fact [in determining whether to dismiss or stay] is whether damages are available in the state proceeding. If [damages are not available in the state proceeding], a stay is appropriate to avoid losing the plaintiff's [federal] claim to the statute of limitations ... but where [damages are available in the state proceeding], dismissal is appropriate." *Majors v. Engelbrecht*, 149 F.3d 709, 714 (7th Cir. 1998).

This court firmly believes that Koranda will be able to litigate his federal claims in the state court proceedings. There should be no need to return to this court. Therefore, the statute of limitations is not an appropriate concern and dismissal, not a stay, is the appropriate disposition.[4]

---

[4] Although this court's decision to dismiss this case is based on the *Younger* abstention, the court also agrees with the City that in the alternative a stay would be appropriate pursuant to the *Colorado River* doctrine. The concurrent federal and state actions would be "actually parallel" and the 10 non-exclusive factors counsel that this case would be an "exceptional circumstance" counseling for a stay. *Clark v. Lacy*, 376 F.3d 682, 685 (7th Cir. 2004).

## CONCLUSION

For the reasons set forth above, the City defendants' motion to dismiss or, in the alternative, for a stay of these proceedings of May 25, 2005 (Dkt. No. 13), is granted. Case dismissed.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: August 2, 2005